IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH, et al.,** | : | Civil No. 1:23-CV-812 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Wilson) |
| v. | : | |
| | : | |
| **HOMESITE INS. CO. OF THE MIDWEST, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction and Background

This civil action is one of two related cases involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases.

In the first filed and companion case involving these parties, <u>Homesite Insurance v. Ewideh</u>, Civil No. 1:22-CV-1664, Ewideh and Geaith have engaged in a staggering array of grave litigation misconduct. On this score, they have refused to file an answer to the complaint despite being ordered to do so. They have also ignored countless court orders, failed to meet numerous court deadlines, and

neglected to file pleadings as directed. They have failed to provide discovery and have declined to sit for depositions despite being ordered to attend and testify. They have also pursued vexatious and frivolous interlocutory appeals, including interlocutory appeals of matters that the district court expressly refused to certify for interlocutory appeal.

    It is against the backdrop of this litigation misconduct in their prior case that the *pro se* plaintiffs filed this lawsuit. The plaintiffs' first complaint named six individual and corporate defendants and contained a host of claims. (Doc. 1). An initial review of their original complaint strongly suggested that it was flawed in numerous, profound ways. Therefore, it is hardly surprising that the defendants moved to dismiss some of the allegations set forth in the complaint. (Doc. 9). Cognizant of the plaintiffs' penchant for dereliction of their duties as litigants, on June 16, 2023, we entered an order instructing the plaintiffs to respond to this motion by June 26, 2023. (Doc. 17). The plaintiffs ignored this court ordered deadline. Accordingly, on June 29, 2023, we directed the plaintiffs to file a response to the outstanding motion to dismiss, (Doc. 9), on or before June 30, 2023, or this motion would also be deemed unopposed. (Doc. 22).

    What followed were a spate of curious pleadings from the plaintiffs, including a frivolous one-page motion to strike the defendants' motion to dismiss, (Doc. 25),

a motion to stay further proceedings regarding the motion to dismiss, (Doc. 26), and a proposed amended complaint, which was filed on July 3, 2023. (Doc. 27).[1]

The surreal quality of this litigation was then heightened later on July 3, 2023, when Ewideh and Geaith sought to voluntarily dismiss the complaint which they had amended earlier that day. (Doc. 28). The defendants filed a motion opposing this voluntary dismissal, arguing that the voluntary dismissal is procedurally inappropriate and represents an effort to engage in manipulative forum shopping. (Doc. 29).

On July 10 and 11, 2023, the plaintiffs filed a series of exigent pleadings seeking to affirm their ability to unilaterally dismiss this case. (Docs. 32-36). These recent submissions contained a categorical denial of forum shopping by Ewideh and Geaith, who have represented to the court that: "Further, there is no attempt to shop for a different venue, all the allegations the defendants have made are not true . . . ." (Doc. 35, at 1). Regrettably we were constrained to advise the plaintiffs that this categorical assertion appeared to be categorically false since on July 3, 2023—the

---

[1] We note parenthetically that this amended complaint is a haphazard and profoundly flawed document. It deletes five of the six original defendants named in the first complaint and proceeds exclusively against Homesite Insurance Company, a Massachusetts company, on a single breach of contract claim. Yet, it inexplicably refers to this single claim as "Count IV" of the complaint. Moreover, although the amended complaint appears on its face to assert a claim based upon diversity of citizenship it fails to plead the $75,000 jurisdictional threshold for diversity jurisdiction, alleging instead that "home site [sic] is liable in an amount and in excess of $50,000." (Doc. 27, at 6).

same day that the plaintiffs endeavored to unilaterally abandon this case in this district—they filed a virtually identical lawsuit against these defendants in the United States District Court for the Eastern District of Pennsylvania. <u>Ewideh. et al., v. Homesite, et al.</u>, Civil No. 2:23-CV-2590 (E.D. Pa. July 2, 2023). Because the law does not tolerate mendacity or deceit, on July 13, 2023, we ordered the plaintiffs to either submit a written explanation to the court for their apparent, material misstatement in their filings, or seek leave of court to withdraw these documents. (Doc. 40).

That order has now inspired three separate motions demanding our recusal from this litigation. (Docs. 41, 42, 43). These motions are all premised upon the plaintiffs' displeasure with our rulings. On this basis of this dissatisfaction with our orders, Ewideh and Geaith effectively ask us to abdicate our position and step aside from this case. However, mindful that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require[,]'" <u>Conklin v. Warrington Township</u>, 476 F.Supp.2d 458, 463 (M.D. Pa. 2007), for the reasons set forth below we find that the grounds for recusal posited by the plaintiffs do not justify recusal. Therefore, the requests for recusal must be denied.

## II. Discussion

The legal standards which govern such recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party....
>
> Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaintiff]. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-63.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As this court has aptly noted:

5

The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.
>
> Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some litigants, a recusal motion may simply be a calculated tactical tool designed to avoid the result which the law dictates in a case or attempt to unilaterally choose a new judge. Thus, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re

6

> Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

Judged against these legal standards, we must decline these requests that we recuse ourselves from this case since the plaintiffs' request for our recusal rest upon our rulings and recommendations in this case. Given that the Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal," Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000), the plaintiffs' disappointment with our decisions simply cannot be converted into grounds compelling our recusal. Moreover, at a time when the plaintiffs have been directed to respond to serious allegations that they are indulging in improper forum shopping, it would be entirely inappropriate for us to acquiesce in the plaintiffs' current requests, which are tantamount to judge shopping.

In closing we understand that our recognition of the plaintiffs' apparent gamesmanship and lack of candor must be distressing for Ewideh and Geaith. As a matter of fairness to the plaintiffs we have offered them the opportunity today to explain what seems to be the inherently contradictory positions they have taken. We look forward to receiving, and considering, that explanation. However, we

emphasize for the plaintiffs that our detection of this potentially troubling litigation misconduct does provide grounds for our forced abdication from this case. Rather, it should present an opportunity for Ewideh and Geaith to reflect upon the cardinal virtue of candor, both in life and in litigation. Accordingly, we conclude our legal analysis of these recusal motions as we began that analysis by reminding Ewideh and Geaith that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require'" Conklin, 476 F.Supp.2d at 463. Guided by this basic truth, these recusal motions will be denied.

An appropriate order follows.

### III. Order

For the foregoing reasons, the plaintiffs' motions (Docs.41, 42, 43), which seek our recusal are DENIED.

So ordered this 14th day of July 2023.

                                              *S/Martin C. Carlson*
                                              Martin C. Carlson
                                              United States Magistrate Judge