IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH, et al.,** | : | Civil No. 1:23-CV-812 |
| | : | |
| **Plaintiffs** | : | |
| | : | (Judge Wilson) |
| v. | : | |
| | : | |
| **HOMESITE INS. CO. OF THE MIDWEST, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OPINION AND ORDER**

I.   **Introduction and Background**

This civil action is one of two related cases involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. See Homesite Insurance v. Ewideh, Civil No. 1:22-CV-1664. In the instant case, the plaintiffs' first complaint named six individual and corporate defendants and contained a host of claims. (Doc. 1). An initial review of their original complaint strongly suggested that it was flawed in numerous, profound ways. Therefore, it is hardly surprising that the defendants moved to dismiss some of the allegations set forth in the complaint. (Doc. 9). On June 16, 2023, we entered an order instructing the plaintiffs to respond to this motion by June 26, 2023. (Doc. 17). The plaintiffs failed to comply with this court ordered deadline. Accordingly, on June 29, 2023, we directed the plaintiffs to file a

response to the outstanding motion to dismiss, (Doc. 9), on or before June 30, 2023, or this motion would also be deemed unopposed. (Doc. 22).

What followed were a spate of pleadings from the plaintiffs, including a one-page motion to strike the defendants' motion to dismiss, (Doc. 25), a motion to stay further proceedings regarding the motion to dismiss, (Doc. 26), and a proposed amended complaint, which was filed on July 3, 2023. (Doc. 27).[1] Later on July 3, 2023, Ewideh and Geaith sought to voluntarily dismiss the complaint which they had amended earlier that day. (Doc. 28). The defendants filed a motion opposing this voluntary dismissal, arguing that the voluntary dismissal is procedurally inappropriate since they had filed an answer in this case. and represented an effort to engage in forum shopping. (Doc. 29).

On July 10 and 11, 2023, the plaintiffs filed a series of pleadings seeking to affirm their ability to unilaterally dismiss this case. (Docs. 32-36). These recent submissions contained a categorical denial of forum shopping by Ewideh and Geaith, who have represented to the court that: "Further, there is no attempt to shop

---

[1] We note parenthetically that this amended complaint is a haphazard and profoundly flawed document. It deletes five of the six original defendants named in the first complaint and proceeds exclusively against Homesite Insurance Company, a Massachusetts company, on a single breach of contract claim.  Yet, it inexplicably refers to this single claim as "Count IV" of the complaint. Moreover, although the amended complaint appears on its face to assert a claim based upon diversity of citizenship it fails to plead the $75,000 jurisdictional threshold for diversity jurisdiction, alleging instead that "home site [sic] is liable in an amount and in excess of $50,000." (Doc. 27, at 6).

2

for a different venue, all the allegations the defendants have made are not true . . ..." (Doc. 35, at 1). Regrettably we were constrained to advise the plaintiffs that this categorical assertion appeared to be categorically false since on July 3, 2023—the same day that the plaintiffs endeavored to unilaterally abandon this case in this district—they filed a virtually identical lawsuit against these defendants in the United States District Court for the Eastern District of Pennsylvania. Ewideh. et al., v. Homesite, et al., Civil No. 2:23-CV-2590 (E.D. Pa. July 2, 2023). We then ordered the plaintiffs to either submit a written explanation to the court for their apparent, material misstatement in their filings, or seek leave of court to withdraw these documents. (Doc. 40).

That order inspired three separate motions demanding our recusal from this litigation. (Docs. 41, 42, 43). These motions were all premised upon the plaintiffs' displeasure with our rulings. We denied these recusal motions, (Doc. 44), a filed a Report and Recommendation which recommended that the plaintiffs' various requests to voluntarily and unilaterally dismiss their case be denied. (Doc. 47). The district court has agreed with our analysis and adopted this Report and Recommendation. (Doc. 56). The district court has also remanded the case to us for further pretrial management. (Id.)

In the meanwhile, we note that the plaintiffs have filed two additional recusal motions in this case. (Docs. 48, 49). Like their initial recusal motions, these motions

3

are premised upon dissatisfaction with our pretrial rulings. (Id.) On this basis of this dissatisfaction with our orders, Ewideh and Geaith effectively ask us once again to abdicate our position and step aside from this case. However, mindful that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require[,]'" Conklin v. Warrington Township, 476 F.Supp.2d 458, 463 (M.D. Pa. 2007), for the reasons set forth below we find that the grounds for recusal posited by the plaintiffs do not justify recusal. Therefore, the requests for recusal must be denied.

## II. Discussion

The legal standards which govern such recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party....
>
> Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaintiff]. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540,

4

> 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-63.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As this court has aptly noted:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:
>
>> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high

> degree of favoritism or antagonism as to make fair judgment impossible.
>
> Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some litigants, a recusal motion may simply be a calculated tactical tool designed to avoid the result which the law dictates in a case or attempt to unilaterally choose a new judge. Thus, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

Judged against these legal standards, we must decline these latest requests that we recuse ourselves from this case since the plaintiffs' request for our recusal rest upon our rulings and recommendations in this case. Given that the Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal," Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000), the plaintiffs' disappointment with our decisions

simply cannot be converted into grounds compelling our recusal. Moreover, at a time when the plaintiffs have been directed to respond to serious allegations that they are indulging in improper forum shopping, it would be entirely inappropriate for us to acquiesce in the plaintiffs' current requests, which are tantamount to judge shopping.

An appropriate order follows.

### III. Order

For the foregoing reasons, the plaintiffs' motions (Docs. 48, 49), which seek our recusal are DENIED.

IT IS FURTHER ORDERED THAT, at the request of the parties, a settlement conference shall be conducted in this case and the parties' companion case, Homesite Insurance v. Ewideh, Civil No. 1:22-CV-1664, in the undersigned's chambers on **September 15, 2023, at 10:00 a.m.**, in the Sylvia H. Rambo U.S. Courthouse, 1501 N. 6th Street, Harrisburg. While the court strongly prefers in-person conferences, if counsel elect to attend telephonically, or by video, all participants must notify the court of the agreed-upon format for the conference in their settlement memoranda. If counsel wish to utilize ZOOM or similar technology, they must arrange for such services and provide the court with log-in contact information one week prior to the conference.

By **September 11, 2023**, the parties shall submit to the undersigned, *U.S. mail or electronic mail*, at:

Chambers_of_Magistrate_Judge_Martin_Carlson@pamd.uscourts.gov

a brief, concise and confidential settlement memorandum setting forth the parties' assessment of the case, and settlement recommendations.

In addition, by **September 8, 2023,** the parties shall begin the settlement process by exchanging a demand by the plaintiff, and a counteroffer by the defendants. The parties' confidential memoranda should update the Court on the status of these settlement discussions.

So ordered this 11th day of August 2023.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge