# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH, et al.,** | : | **Civil No. 1:23-CV-812** |
| | : | |
| **Plaintiffs** | : | |
| | : | **(Judge Wilson)** |
| **v.** | : | |
| | : | |
| **HOMESITE INS. CO. OF THE** | : | **(Magistrate Judge Carlson)** |
| **MIDWEST, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This civil action is one of two related cases involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases.

The current procedural posture of this case aptly illustrates this history of misconduct and mayhem.  In the instant case, the plaintiffs first violated a court order which instructed them to file responses to a series of defense motions. The plaintiffs then endeavored to indulge in gamesmanship by attempting to unilaterally abandon this case while forum shopping and filing an identical case in another jurisdiction.

When the defendants raised concerns that Ewideh and Geaith were forum shopping, the plaintiffs filed a pleading which falsely denied this allegation, even though they had filed their notice of voluntary dismissal in this court on the same day that they lodged an identical complaint in another forum. When this apparent mendacity was brought to their attention and they were offered an opportunity to explain their behavior, the plaintiffs responded with a non-responsive, *non sequitur,* punctuated by personal invective.

We rejected this cynical effort at gamesmanship and forum shopping. <u>See</u> <u>Ewideh v. Homesite Ins. Co. of the Midwest</u>, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023). Having been frustrated in their efforts to surreptitiously transfer this case, the plaintiffs then attempted to do overtly that which they failed to do covertly by filing a motion to transfer this case, (Doc. 63), which was not accompanied by a brief as required by the rules of this court.

Accordingly, on November 3, 2023, we ordered the plaintiffs to file a brief in support of this motion on or before **November 10, 2023**, and reminded the plaintiffs that the failure to timely file a brief may result in the motion being deemed withdrawn. (Doc. 65).

The plaintiffs have not filed this brief, as they were ordered to do and the time for compliance with our order has passed. This failure to file a brief has consequences for the plaintiffs since we are entitled to deem them to have withdrawn

this motion since they failed to properly support that motion by filing a brief in a timely fashion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6). Since the motion is not accompanied by a brief which would have explained the plaintiffs' entitlement to relief, as required by the local rules, and the plaintiffs have ignored our specific direction that they file a brief in support of this motion or face the prospect of having their motion deemed withdrawn, IT IS ORDERED that the motion to transfer (Doc. 63) is DEEMED WITHDRAWN and DISMISSED without prejudice.

So ordered this 27th day of November 2023.

S/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge