## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH, et al.,** | : | **Civil No. 1:23-CV-812** |
| | : | |
| **Plaintiffs** | : | |
| | : | **(Judge Wilson)** |
| **v.** | : | |
| | : | |
| **HOMESITE INS. CO. OF THE** | : | **(Magistrate Judge Carlson)** |
| **MIDWEST, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.      Introduction and Background

This civil action is one of two related cases involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. See Homesite Insurance v. Ewideh, Civil No. 1:22-CV-1664. As we have previously noted in this litigation, Ewideh and Geaith have engaged in a in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, the defendants have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly

documented in our prior decisions and Reports and Recommendations, which are incorporated by reference in this order. <u>See e.g.</u>, <u>Ewideh v. Homesite Ins. Co. of the Midwest</u>, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); <u>Ewideh v. Homesite Ins. Co. of the Midwest</u>, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); <u>Homesite Ins. Co. of the Midwest v. Ewideh</u>, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); <u>Homesite Ins. Co. of the Midwest v. Ewideh</u>, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); <u>Homesite Ins. Co. of the Midwest v. Ewideh</u>, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); <u>Homesite Ins. Co. of the Midwest v. Ewideh</u>, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), <u>report and recommendation adopted sub nom.</u> <u>Homesite Ins. Co. of Midwest v. Ewideh</u>, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); <u>Homesite Ins. Co. of the Midwest v. Ewideh</u>, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

Ewideh and Geaith have plainly been displeased by our rulings in these cases and have filed five prior motions demanding our recusal from this litigation. (Docs. 41, 42, 43, 48, 49). We have denied these prior recusal motions, explaining that a party's dissatisfaction with our decisions does not provide grounds for recusal of a judge. (Doc. 44, 57).

Ewideh and Geaith have now file their sixth recusal motion in this case. (Doc. 76). Like their five prior recusal motions, this motion is premised upon dissatisfaction with our pretrial rulings. (Id.) On this basis of this dissatisfaction with our orders, Ewideh and Geaith suggest that "it is almost as if Judge Carlson is running a brothel" (Id. at 3), and effectively ask us once again to abdicate our position and step aside from this case. However, mindful that "a judge 'has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require[,]'" Conklin v. Warrington Township, 476 F.Supp.2d 458, 463 (M.D. Pa. 2007), for the reasons set forth below we find that the grounds for recusal posited by the plaintiffs do not justify recusal. Therefore, the requests for recusal must be denied.

## II.   **Discussion**

The legal standards which govern such recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party....

3

<u>Id</u>. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaintiff]. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." <u>Liteky v. United States</u>, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." <u>Edelstein v. Wilentz</u>, 812 F.2d 128, 131 (3d Cir.1987) (citing <u>United States v. Dalfonso</u>, 707 F.2d 757, 760 (3d Cir.1983)); <u>see also In re Antar</u>, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. <u>Nichols v. Alley</u>, 71 F.3d 347, 352 (10th Cir.1995).

<u>Id.</u> at 462-63.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As this court has aptly noted:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." <u>Securacomm Consulting, Inc. v. Securacom, Inc.</u>, 224 F.3d 273, 278 (3d Cir.2000) (<u>citing In re TMI Litig.</u>, 193 F.3d 613, 728 (3d Cir.1999) and <u>Jones v. Pittsburgh Nat'l Corp.</u>, 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. <u>Blanche Rd. Corp. v. Bensalem Twp.</u>, 57 F.3d 253 (3d Cir.1995), <u>cert. denied</u>, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:
>
> > [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair

judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some litigants, a recusal motion may simply be a calculated tactical tool designed to avoid the result which the law dictates in a case or attempt to unilaterally choose a new judge. Thus, in every instance:

[T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

 Judged against these legal standards, we must decline these latest requests that we recuse ourselves from this case since the plaintiffs' request for our recusal rest upon our rulings and recommendations in this case. Given that the Third Circuit

has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal," <u>Securacomm Consulting, Inc. v. Securacom, Inc.</u>, 224 F.3d 273, 278 (3d Cir.2000), the plaintiffs' disappointment with our decisions simply cannot be converted into grounds compelling our recusal. Moreover, it would be entirely inappropriate for us to acquiesce in the plaintiffs' current requests, which are tantamount to judge shopping.

An appropriate order follows.

## III.    <u>Order</u>

For the foregoing reasons, the plaintiffs' motion (Doc. 76), which seeks our recusal is DENIED.

So ordered this 1st day of February 2024.

<div align="center" style="margin-left:40%">

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

</div>