IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH, et al.,** | : | Civil No. 1:24-CV-241 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **HOMESITE INS. CO. OF THE MIDWEST, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |
| **OMAR EWIDEH, et al.,** | : | Civil No. 1:23-CV-812 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **HOMESITE INS. CO. OF THE MIDWEST, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

**ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The two cases are part of a troubled trilogy of related cases involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. See Homesite Insurance v. Ewideh, Civil No. 1:22-CV-1664; Ewideh v. Homesite

Insurance, Civil No. 1:23-CV-812; Ewideh v. Homesite Insurance, Civil No. 1:24-CV-241.

As we have previously noted, Ewideh and Geaith have engaged in a breathtaking array of litigation mayhem and misconduct in these cases. Moreover, the defendants have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub

nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

Notably, we are not alone in finding that Ewideh and Geaith have engaged in serious misconduct in the course of this litigation. Quite the contrary, prior to transferring Ewideh v. Homesite Insurance, Civil No. 1:24-CV-241 to this court, the presiding judge in the Eastern District of Pennsylvania condemned this misconduct and explicitly found that Ewideh had been dishonest, stating that:

> Here, Mr. Ewideh's actions squarely fit within the type of conduct the Court warns in its Policies & Procedures is not tolerated. Mr. Walsh and Ms. Fisher stated on the record during the hearing on the motion to enforce civility that the statements they claim Mr. Ewideh made regarding Ms. Fisher are accurate as to what Mr. Ewideh stated. Such language is neither excusable nor tolerated. Although Mr. Ewideh may be frustrated by the way his insurance dispute has proceeded, that does not give Mr. Ewideh the right to use profane, anti-semitic, and egregious language to Mr. Walsh or Ms. Fisher. His language targeted at Ms. Fisher is especially noteworthy for its lack of civility and professionalism. Such language to any person, including Ms. Fisher, is not warranted under any circumstances.
>
> Not only is Mr. Ewideh warned to no longer use such language with Mr. Walsh or Ms. Fisher, nor any other party or third party in any way connected to this litigation, but he is also warned that he must be truthful in his representations to the Court. Mr. Ewideh sent an e-mail communication to the Court on January 10, 2024, stating that he and Ms. Geaith were "request[ing] a continuance of today's hearing[,] as we [the plaintiffs] did not receive notice of the hearing[.]"
>
> The Court is not persuaded that this is an accurate, truthful statement. The Court sent notice of the hearing on December 5, 2023. Doc. No. 26. Approximately two weeks later on December 18, 2023, Mr. Ewideh

and Ms. Geaith filed a motion to strike in one of the cases pending in the Middle District of Pennsylvania. Mot. to Strike, Doc. No. 182, Homesite Ins. Co. of the Midwest v. Geaith, et al., No. 1:22-cv-1664-JKM-MCC (M.D. Pa. Dec. 18, 2023). In that motion, the plaintiffs averred that "[p]resently there is a hearing scheduled before the HONORABLE Judge Pratter in the Eastern District of Pennsylvania in early January to address these allegations." Id. at 2. The only hearing scheduled in this litigation was the one regarding the hearing on the motion for enforcement of civility. Thus, there can be no doubt that the plaintiffs did have notice of the hearing on January 10, 2024, and that the communication Mr. Ewideh sent that day to this Court was neither truthful nor accurate.

Ewideh v. Homesite Ins. Co. of the Midwest, No. CV 23-2590, 2024 WL 247056, at *2 (E.D. Pa. Jan. 23, 2024).

Upon the transfer of Ewideh v. Homesite Insurance, Civil No. 1:24-CV-241 to this court, Ewideh and Geaith filed motions seeking a pretrial schedule in this case and requesting that this lawsuit be expedited. There was an element of perhaps unintended irony in the request to expedite since Ewideh and Geaith had consistently delayed proceedings in the past through their failures to comply with court orders. Nonetheless, we agreed that a schedule and expedited resolution of some threshold issues was warranted here. Therefore, we granted the motions to expedite, set a pretrial schedule, and as part of that schedule ordered the parties on or before **February 20, 2024**, to file brief submissions of no greater than five pages addressing the question of whether Ewideh v. Homesite Insurance, Civil No. 1:24-CV-241 and Ewideh v. Homesite Insurance, Civil No. 1:23-CV-812 should be consolidated for further proceedings in order to expedite the efficient resolution of these cases.

The defendants complied with this request and agreed that consolidation of these cases was proper, (Doc. 50), but despite the fact that Ewideh and Geaith had specifically requested an expedited schedule, they have ignored the first deadline set by the court to expedite this litigation. In the absence of a timely response from the plaintiffs we will deem this question ripe and will order these two cases consolidated for further proceedings.

The legal standards which govern consolidation of lawsuits are familiar ones. As we have noted:

> The threshold requirement for determining whether consolidation is permissible under Rule 42 of the Federal Rules of Civil Procedure is that the "actions before the court involve a common question of law or fact" in order to justify consolidation. Fed. R. Civ. P. 42(a); Farahmand v. Rumsfeld, 2002 U.S. Dist. LEXIS 22473, *3 (E.D. Pa. Nov. 20, 2002). If the court finds that such a commonality exists, the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The moving party bears the burden of proof to show a common question of law or fact and that consolidation will reap more benefit than harm. McClenaghan v. Turi, Civil Action Nos. 09-5497, 11-3761, 2011 WL 4346316 (E.D. Pa. Sept. 16, 2011). The court has broad discretion to determine if consolidation is appropriate. Easterday v. Federated Mut. Ins. Co., 2015 WL 1312684, at *2 (E.D. Pa. 2015). In its determination, the court must balance the advantages of judicial economy against the potential harm in delays, additional expenses, jury confusion, or prejudice. Farahmand, 2002 U.S. Dist. LEXIS 22473, at *4. However, federal courts have found that, "[e]ven where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." In re Consolidated Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998).

Youells v. Dzakpasu, No. 3:19-CV-633, 2019 WL 5446056, at *2 (M.D. Pa. Sept. 24, 2019), report and recommendation adopted, No. 3:19-CV-633, 2019 WL 5457778 (M.D. Pa. Oct. 23, 2019).

Judged against these legal guideposts we find that consolidation of these two cases is clearly appropriate. These cases involve the same nucleus of operative facts, and there is a substantial overlap between the two complaints in terms of parties and claims. Therefore, consolidation of these cases plainly promotes judicial economy and advances the animating principle behind all federal litigation; namely, "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Moreover, Ewideh and Geaith cannot say that they are prejudiced by the consolidation of these cases since previously they actively sought the dismissal of Ewideh v. Homesite Insurance, Civil No. 1:23-CV-812 in favor of litigation of these issues in Ewideh v. Homesite Insurance, Civil No. 1:24-CV-241.

Accordingly, IT IS ORDERED as follows:

First, pursuant to Rule 42 of the Federal Rules of Civil Procedure, Ewideh v. Homesite Insurance, Civil No. 1:23-CV-812 and Ewideh v. Homesite Insurance, Civil No. 1:24-CV-241 are CONSOLIDATED at Civil Number 1:24-cv-241. The clerk is DIRECTED to administratively CLOSE Civil Number 1:23-cv-812, and TERMINATE any pending motions in Civil Number 1:23-cv-812.

Second, we note that the plaintiffs filed a motion on February 16, 2024, styled as a motion for sanctions, which invited us to sanction the defendants for failing to confer with the plaintiffs as of February 16 in the preparation of a case management plan. (Doc. 49). This motion is DENIED without prejudice for two reasons. Initially, we note that under our scheduling order the parties must confer and prepare a case management plan by March 18, 2024, but nothing in our scheduling order required them to meet as early as February 16. Therefore, there has been no violation of this order. In any event, we remind Ewideh and Geaith that they have violated our scheduling order by failing on February 20, 2024, to address the question of case consolidation. The plaintiffs are advised that we are disinclined to consider sanctions request from them relating to case scheduling until they begin themselves to comply with the court's scheduling orders.

So ordered this 23rd day of February 2024.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge